UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-20431-CIV-SEITZ

JOSE MURPHY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ADOPTING AND AFFIRMING MAGISTRATE'S REPORT, DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY

In this § 2255 petition, Jose Murphy challenges his 110-month sentence for carjacking and his counsel's effectiveness during his plea and sentencing. Upon a thorough review of the record, the Court will affirm and adopt the Report of Magistrate Judge [DE-20], overrule Murphy's objections [DE-25], and dismiss Murphy's petition.

### A. BACKGROUND

Murphy pled guilty to carjacking on December 28, 2011. At the plea hearing, Murphy was able to answer the Court's questions clearly, asked questions of his counsel whenever he did not understand something, and confirmed that he understood the proceedings. All present discussed his history of mental illness, and all agreed that he was competent to enter a knowing and voluntary plea. Murphy expressed concern that his medical history was not yet ready for the Court to consider for sentencing. The Court continued sentencing so records could be gathered and a psychological evaluation conducted. [DE-40 (11-cr-20652) at 12–19.]

Before sentencing, the Presentence Investigation Report calculated a guidelines range of 110–137 months, based partially on a six-level enhancement for use of a firearm and a two-level enhancement for carjacking. Defense counsel objected to the firearm

enhancement and argued for a five-year sentence in light of Murphy's brain injury and psychological problems, as well as his voluntary entry into a residential treatment program. [DE-28 (11-cr-20652).] Defense counsel also provided a neuropsychological evaluation showing Murphy's cognitive deficits and their effect on his judgment and emotional state. [DE-28-1 (11-cr-20652).]

At the sentencing hearing, Murphy withdrew the objection to the firearm enhancement. Defense counsel again pressed for a five-year sentence, arguing that Murphy had accepted responsibility for his crime, felt genuine remorse, knew he needed help, and had voluntarily sought that help. Murphy spoke of his struggles with mental illness and substance abuse, both of which worsened after he was pushed off a bridge in 2001, resulting in severe injuries and permanent brain damage. He described the time he had spent homeless or in the hospital. He and his mother both spoke of his efforts to improve his life and turn away from criminal activity. In response, the government argued that neither a disadvantaged upbringing nor drug abuse ordinarily warrants a downward departure, and that a mid-guidelines sentence of 124 months was appropriate in light of Murphy's long criminal history. The Court and the parties discussed how to protect the public while ensuring that Murphy could obtain the treatment he needed. [DE-41 (11-cr-20652) at 12–30.]

The Court sentenced Murphy to 110 months, the bottom of the guidelines range. Murphy appealed the firearm enhancement, arguing that he should have received only a four-level dangerous-weapon enhancement because a BB gun is a "dangerous weapon but not a firearm" under the Sentencing Guidelines. U.S.S.G. § 1B1.1 cmt. 1(G). The Eleventh Circuit affirmed the sentence on the ground that Murphy had "expressly withdr[awn] his original objection to the enhancement." *United States v. Murphy*, 511 Fed. Appx. 929, 930 (11th Cir. 2013).

## B. DISCUSSION

### a. Sentencing Enhancements

In his first ground for relief, Murphy asserts that he was "actually innocent" of the carjacking and firearm sentencing enhancements. He argues that the carjacking enhancement was impermissible double-counting and that the firearm enhancement violated *Alleyne v. United States*, 133 S.Ct. 2151 (2013) because the use of a firearm was never charged in the indictment, admitted in his plea agreement, or found by a jury. [*See* DE-14.]

Magistrate Judge Patrick A. White recommended dismissing this ground for two reasons. [DE-20 at 7–11.] First, he concluded that it was not cognizable on collateral review because it raised no constitutional issue. Because neither enhancement raised Murphy's sentence above the 15-year statutory maximum, they did not need to be charged in the indictment or found by a jury. *See United States v. Underwood*, 446 F.3d 1340, 1345 (11th Cir. 2006). Moreover, the firearm enhancement was already affirmed on direct appeal, and any argument about the carjacking enhancement was procedurally defaulted because it was not raised at trial.

Second, he concluded that Murphy's arguments failed on the merits. The Eleventh Circuit has directly rejected the argument that a carjacking enhancement to a carjacking offense constitutes impermissible double-counting. *United States v. Naves*, 252 F.3d 1166, 1169 (11th Cir. 2001). And as to the firearm enhancement, Murphy's argument was refuted by the record because Murphy expressly admitted the applicability of the firearm enhancement at sentencing. He did not simply admit to using a BB gun; he also recognized that the BB gun might look like a firearm, and so he withdrew his objection, stating that it was "in the best interest of myself to go ahead

and not object to the case and not waste your time of trying to look through for details." [DE-41 (11-cr-20652) at 5.]

In his objections, Murphy insists that these claims raise constitutional issues under *Blakely v. Washington*, 542 U.S. 296 (2004), which held that any facts that increased the mandatory penalty for a crime under any determinate sentencing scheme had to be charged in the indictment and proven to a jury. However, Murphy does not directly challenge Judge White's conclusion that his claims fail on the merits. [DE-25 at 16–18.]

Upon review, the Court will overrule Murphy's objections. *Blakely* does not apply because the sentencing guidelines are advisory rather than determinate. *See United States v. Booker*, 543 U.S. 220 (2005). A habeas petition is not the place for complaints about alleged sentencing calculation errors. *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc). And in any case, Murphy's argument fails on the merits: because Murphy pleaded guilty to carjacking and expressly admitted the applicability of the firearm enhancement, neither sentencing enhancement required any factual findings, whether by a judge or by a jury.[1]

### b. Ineffective Assistance of Counsel

In his second ground for relief, Murphy argues that his counsel provided ineffective assistance in several ways. Each is addressed in turn.

First, Murphy argues that his counsel provided ineffective assistance because he advised Murphy to plead guilty but failed to investigate evidence, such as a dark blue cap left in the victim's car, showing that there had been a second perpetrator. Magistrate Judge White rejected this argument on the grounds that Murphy's voluntary guilty plea "waived counsel's duty to investigate the facts of the case." [DE-20 at 10 n.1.]

---

[1] Murphy's argument that he only admitted the applicability of the firearm enhancement because of ineffective assistance of counsel is addressed below.

Although Judge White applied the wrong standard, he reached the right result. In certain cases, an attorney's failure to investigate potentially exculpatory evidence before advising his client to plead guilty can constitute ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also, e.g., United States v. Mooney*, 497 F.3d 397 (4th Cir. 2007) (granting habeas relief to a defendant who pleaded guilty because of counsel's clearly erroneous advice that no affirmative defense was available). However, the evidence must be so significant that it "would have changed the outcome of a trial." *Hill*, 474 U.S. at 59. Murphy cannot meet this standard because evidence of a second perpetrator would not have made a difference in a trial on whether Murphy himself was involved in the carjacking. Moreover, the evidence of Murphy's guilt was overwhelming. The crime was on video, Murphy's fingerprints were in the car, and the victim positively identified him. Therefore, the Court will overrule Murphy's objections.

Second, Murphy argues that his counsel provided ineffective assistance by allowing him to plead guilty and withdraw his objection to the firearm enhancement, even though his counsel knew that Murphy was "incompetent to speak on his own behalf." [DE-8 at 7.]

Magistrate Judge White recommended dismissing this argument because it was refuted by the record and because Murphy was not prejudiced by withdrawing the firearm enhancement. The Court and the parties extensively discussed Murphy's history of head injury and mental illness at the plea and sentencing hearings, and there was no indication that Murphy lacked competency. Murphy expressed himself articulately and asked questions that made clear he understood the proceedings. Moreover, the Court viewed his concession favorably and sentenced him to 110 months largely because it showed that Murphy was willing to take responsibility for his actions. [DE-41 (11-cr-20652) at 31.] And even if Murphy had received a four-level dangerous-

weapon enhancement rather than a six-level firearm enhancement, the resulting guidelines range would have been 92–115 months. His 110-month sentence is within that range. [DE-20 at 10–12.]

In his objections, Murphy insists that he lacked competency and that his counsel took advantage of him. [DE-25 at 8–12.] Upon review, the Court will overrule Murphy's objections. The Court is mindful of Murphy's traumatic brain injury and his struggles with mental illness, but under the law, a defendant is competent to plead guilty if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *United States v. Rodriguez*, 751 F.3d 1244, 1252 (11th Cir. 2014) (citation omitted), *cert. denied*, 135 S. Ct. 310 (2014). Murphy met this standard during his plea and sentencing hearings. Dr. Arias's neuropsychological evaluation does not suggest otherwise, and there is no indication that Dr. Arias would have testified otherwise. [DE-28-1 (11-cr-20652).] Therefore, the Court will overrule Murphy's objections.

Third, Murphy argues that his counsel otherwise provided ineffective assistance at sentencing. In his amended petition, Murphy argued only that his counsel failed to present polygraph results. Judge White rejected this argument because there was no reason for his counsel to present polygraph results, as Murphy's credibility was never at issue. [DE-20 at 13.] In his objections, Murphy provides no reason why the polygraph results would have mattered, and so the Court will overrule his objections.

### c. Other Arguments Raised for the First Time in Murphy's Objections

A petitioner cannot raise new arguments or allegations in his objections because this deprives the other side of a fair chance to respond. Murphy's objections to Judge White's Report make numerous arguments and allegations that are not in his amended

petition, and the Court will not address most of them.[2] However, it is worth addressing his arguments that the Court failed to consider all the 18 U.S.C. § 3553(a) factors at sentencing and that his counsel was ineffective for failing to argue for a downward departure on the basis of diminished capacity and to present character witnesses and other evidence that might have resulted in a lower sentence.

Counsel's performance at sentencing was not deficient. He argued zealously for a downward departure on the basis of Murphy's traumatic injuries and history of mental illness, homelessness, and substance abuse. He presented a neuropsychological evaluation as well as a number of articles addressing the relation between mental illness and recidivism. *See* U.S.S.G. § 5H1.3 ("Mental and emotional conditions may be relevant in determining whether a departure is warranted."). Murphy suggests that his counsel should have argued more specifically for a departure on the basis of "diminished capacity" under U.S.S.G. § 5K2.13. However, a "court may not depart below the applicable guideline range if . . . the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence" or "the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." *Id.* The Court is mindful of Murphy's psychological problems, but he committed a violent carjacking against an innocent victim and has a significant criminal history. The Court sentenced him in accordance with the need to protect the

---

[2] These include: (1) that his counsel promised him a particular sentencing range, (2) that his counsel should have secured a Rule 11(c)(1)(C) plea agreement guaranteeing a particular sentencing range, and (3) that his counsel told him that the government would withdraw his reduction for acceptance of responsibility if he refused to withdraw the firearm objection. [DE-25 at 1, 2, 13, 20, 21, 23.]

public while ensuring he could obtain the treatment he needed.[3] *See* 18 U.S.C. § 3553(a). Additional character witnesses or polygraph tests would not have affected his sentence.

Because Murphy was not prejudiced by any of his counsel's alleged errors, and because his other arguments are refuted by the record, a certificate of appealability is not warranted. *See Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010) (28 U.S.C. § 2253(c)(2) requires a showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims"). Accordingly, it is

ORDERED that

1) The Report of Magistrate Judge [DE-20] is AFFIRMED and ADOPTED and incorporated by reference into this Order, with the following exceptions:

   a. The phrase "conspiracy to commit mail fraud" on page 1 should be replaced with "carjacking," and

   b. Footnote 1 on page 10 is not adopted.

2) The instant petition is DISMISSED WITH PREJUDICE.

3) A certificate of appealability is DENIED.

4) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 5 day of June, 2015.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Counsel of Record

---

[3] Moreover, with good behavior, Murphy's term of imprisonment could be as low as 94 months. *See Barber v. Thomas*, 560 U.S. 474, 477–79 (2010) (a prisoner who earns the maximum credit for good behavior under 18 U.S.C. § 3624(b) will serve approximately 85% of his sentence).