UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-CR-20652-SEITZ

UNITED STATES OF AMERICA

v.

JOSE MURPHY,

   Defendant.
_____/

**ORDER DENYING DEFENDANT'S RENEWED MOTIONS FOR COMPASSIONATE RELEASE BASED ON THE COVID-19 PANDEMIC**

This matter is before the Court on Defendant Jose Murphy's renewed Motions for Compassionate Release [DE 91, 96], which seek release due to health risks associated with the COVID-19 pandemic. The Government opposes the Motions [DE 97], and the Defendant has replied [DE 98, 100]. The Court has considered the parties' filings and the applicable law. Because the Court finds release inappropriate in light of the 18 U.S.C. § 3553(a) factors, Defendant's Motions are DENIED.

   **I.   Relevant Background**[1]

The Court had earlier issued an Order Denying Defendant's Motion for Compassionate Release Due to the COVID-19 Pandemic [DE 85], based on the insufficiency of Defendant's health risks, and his incompatibility with home confinement. With regard to the latter, the Order noted that "Murphy has shown

---

[1] The Court's earlier Order Denying Defendant's Motion for Compassionate Release Due to the COVID-19 Pandemic contains a more detailed background [DE 85 at 1-2] and is incorporated by reference into this Order as well.

1

that he is not amenable to any release conditions short of prison" [DE 85 at 7]. In late November 2020 at FDC Miami, Murphy tested positive for COVID-19. As of December 10, 2020, he appears to be recovering [DE 100 at 2]. Murphy is still housed at FDC Miami, and his expected release date is February 7, 2021.

## II.   Legal Standard[2]

The framework to modify a sentence is set forth in 18 U.S.C. § 3582(c). *See U.S. v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015). The court upon motion of a defendant can modify a sentence if "extraordinary and compelling reasons warrant such a reduction…" 18 U.S.C. § 3582(c)(1)(A).

That decision, however, may only come "after considering the factors set forth in [18 U.S.C. §] 3553(a)." *Id.* In addition to considering the "nature and circumstances of the offense and the history and characteristics of the defendant," the § 3553(a) factors include, among others, "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1) & (2).

## III.   Discussion

### A.   The Parties' Positions

Defendant's principal arguments have not changed, and he seeks a sentence

---

[2] The earlier Order [DE 85] described the legal standard for a motion for compassionate release. This Order incorporates that earlier discussion and highlights here portions relevant to the current Motions.

reduction to time served. He reports a consistent set of health risks [DE 80 at 1; DE 84 at 3-4; DE 91 at 2-4], most of which he acknowledges do not put him at added risk in the COVID-19 context [DE 98 at 9]. He complains that the Bureau of Prisons ("BOP") has ineffectively responded to his health needs, and current "inhumane" conditions in prison have aggravated his health issues. Defendant further complains that the BOP has been unable to manage the pandemic outbreak, which has continued to worsen in its institutions, leading to increased infections.

Defendant highlights his asthma, which he claims is moderate to severe [DE 96 at 3-10; 98 at 5, 8]. He points out that the Government conceded in at least one case that moderate to severe asthma warrants compassionate release [DE 96 at 7]. He believes either his asthma worsened, or the BOP should have prescribed him certain medications sooner, or both.

Defendant also states that his body-mass index ("BMI") level increases his health risks. He claims his obesity (a 30.5 BMI) now qualifies as an additional risk factor, since the CDC lowered the relevant level from 40 to 30. He makes a comparable claim to his asthma, that the Government has conceded in at least one case that BMI constituted extraordinary and compelling reasons for release.

With regard to the 18 U.S.C. § 3553(a) factors, Defendant contends release is appropriate because he's served most of his sentence, can present certificates of accomplishment obtained prior to revocation of his supervised release, and has a "stable and detailed release plan" [DE 96 at 17]. He notes that his supervised

3

release violations were not acts of violence and do not reveal an inability to protect himself from the current pandemic, if released.

Procedurally, Defendant states that he has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c).  Finally, Murphy claims he has been denied the ability to serve his last months in a residential facility because the COVID-19 pandemic has restricted movement from FDC Miami, where he is located, to his designated facility in South Carolina.

The Government opposes the renewed Motions.  It contends that Defendant only has one risk factor (his BMI), and the severity of his asthma is unclear from his medical records.  At any rate, the Government concludes, release is not appropriate in light of the 18 U.S.C. § 3553(a) factors.  Finally, the Government details efforts the BOP has undertaken to bring the COVID-19 pandemic under control in its institutions.

## B. Basis for Court's Determination[3]

The Government does not dispute Defendant Murphy's contention that he has satisfied the administrative remedies exhaustion requirement under 18 U.S.C. § 3582, so the Court considers the merits of his Motions. While the parties dispute the severity of Defendant's health, as the Court noted in its earlier Order, he suffers from medical issues that appear serious.  Moreover, Defendant's account of the BOP's handling of his conditions, generally, and of his contracting COVID-19,

---

[3] This Order incorporates the basis of determination from the earlier Order [DE 311 at 5-7], except to the extent that discussion relates to Defendant's earlier failure to provide medical records.

specifically, is discouraging, at best. The BOP is undoubtedly under great pressure to manage the pandemic, but Defendant's experience at FDC Miami, as he relates it, calls into question the BOP's success doing so at this institution.

Defendant's health, however, is not ultimately determinative of his Motions. As noted above, any sentence reduction must be consistent with the 18 U.S.C. § 3553(a) factors. The Court's earlier Order Denying Defendant's Motion for Compassionate Release Due to the COVID-19 Pandemic recounted Defendant's behavior on supervised release, the parties' proposed solution, and the result. Despite the Court's sympathies for Defendant's health struggles, he has proven through his behavior a disrespect for the law.

Defendant fails to address these actions in his two Motions, Reply, or Supplement. He simply notes that his actions were not violent and not inconsistent with managing his health at home. This is inadequate for addressing the Court's concern for his recent, repeated flouting of the law. Thus, even if the Court determined that Defendant Murphy's medical bases sufficed, he would still be ineligible for relief based on the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1).

As a result, the Court need not reach an analysis of the severity of his medical issues. The Court does not intend to minimize the seriousness of Defendant's asthma or other health issues, or discredit Defendant's concerns for his health and the BOP's management of the pandemic. But given the Defendant's admitted, recent, intentional, and repeated actions demonstrating his disrespect for

5

the law, the Court cannot reduce Defendant's sentence after considering the § 3553(a) factors. Consistent with this result, the Court cannot entertain any argument that he has been wrongfully deprived of his final months at a residential transitional facility, due to his out-of-state institution designation. At any rate, the place and manner of a prisoner's housing is under the BOP's authority, not the Court's. 18 U.S.C. § 3621(b).

### C. Motion to Remain at FDC Miami

Defendant has also filed a Motion to remain at FDC Miami [DE 99], given the impending conclusion of his prison term, because he intends on residing in Miami, Florida, upon his release. In his Motion, he feared as of October 2020 that a return to his designated institution in South Carolina was imminent. Current records, however, show that Defendant has remained at FDC Miami, and he is expected to be released next month. Thus, his fears appear unrealized. As a result, any recommendation by the Court appears unwarranted. Thus, his Motion is denied, without prejudice, to be renewed if he continues to believe he will be returned to his designated facility.

Therefore, it is

ORDERED THAT

1. Defendant Jose Murphy's renewed Motions for Compassionate Release [DE 91, 96] are DENIED.

2. Defendant Jose Murphy's Motion for the Court to Recommend to BOP that Mr. Murphy be Held at FDC-Miami Until the Court Rules on His Motion for Compassionate Release [DE 99] is DENIED, WITHOUT PREJUDICE.

DONE AND ORDERED in Miami, Florida, this 28th day of January, 2021.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE